UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**<u>Rothschild Broadcast Distribution Systems,</u>**

      **Plaintiff(s)**

  v.                                           CIVIL ACTION
                                                                 NO.  <u>21-10694 -TSH</u>

**<u>WizIQ, Inc.,</u>**

      **Defendant(s)**

## STANDING ORDER REGARDING
## MOTIONS FOR DEFAULT JUDGMENT

**HILLMAN, J.**

The clerk has entered a default on the docket against **WizIQ, Inc.,** upon request of the **plaintiff** in the above-entitled action.

The requesting party may file a Motion for Entry of Default Judgment under Rule 55 of the Federal Rules of Civil Procedure.  Such motions are subject to the following requirements:

1.      If the moving party proceeds pursuant to Fed. R. Civ. P. 55(b)(1), it shall submit affidavits and other supporting documentation, as necessary, in order to establish (a) that the claim against the defaulting party is for a sum certain (or a sum which can, by computation, be made certain); (b) that the defaulting party is not an infant, an incompetent person, or in the military service of the United States; (c) the extent of the damages that were caused by the party in default; and (d) any costs incurred.  The defaulting party will not be subject to a judgment by default pursuant to Rule 55(b)(1) unless the default is for failure to appear.  The moving party must also complete and file the form of proposed judgment, attached.

2.      If the moving party proceeds pursuant to Fed. R. Civ. P. 55(b)(2), it shall submit

affidavits and other supporting documentation, as necessary, in order to establish (a) that the defaulting party is not an infant, an incompetent person, or in the military service of the United States; (b) that the extent of the damages that were caused by the defaulting party; and (c) any costs incurred.

3. All such affidavits and supporting documentation shall be completed no later than 14 days after the filing of the motion.

4. The defaulting party shall have an opportunity to file an opposition to the motion and to request a hearing, provided, however, that it has appeared in the action.

5. The Court may take up the motion for default judgment on the papers, conduct a hearing, or make such other orders as it deems necessary and proper. If the motion for default judgment fails to comply with Fed. R. Civ. P. 55 or this Order, the motion may be denied with or without prejudice. The Court may decline a request for interest, costs, or attorneys' fees in the matter where the party has failed to comply with such procedural requirements.

6. The moving party shall file its Motion for Entry of Default Judgment within 30 days of the date of the issuance of this Order. If for any reason, the moving party cannot do so, it shall demonstrate good cause why it cannot comply with this Standing Order and why this case should remain on the docket. Otherwise, the Court may dismiss the moving party's claims for want of prosecution.

By the Court,

/s/ Martin Castles
Deputy Clerk

Dated: 8/20/21

**Appendix A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                **Plaintiff(s)**

   v.                                                **CIVIL ACTION NO.** _____

_____
                **Defendant(s)**

**PROPOSED DEFAULT JUDGMENT UNDER FED. R. CIV. P. 55(b)**

_____, D.J.

Defendant _____ having failed to plead or otherwise defend in this action and [its/his/her] default having been entered;

Now, upon application of [insert name of moving party] and affidavits demonstrating that defendant owes plaintiff the sum of $_____, that defendant is not an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred costs in the sum of $_____;

It is hereby ORDERED, ADJUDGED, AND DECREED that plaintiff recover from defendant _____ the principal amount of $_____, with costs in the amount of $_____ and prejudgment interest at the rate of _____% from _____ to _____ in the amount of $_____, for a total judgment of $_____ with any post-judgment interest as provided by law.

                                                By the Court,

                                                _____

Dated: [        ]                                  Deputy Clerk